**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 598-6735

November 25, 2026

VIA CM/ECF

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
United States Courthouse
333 Constitution Ave. NW
Washington, D.C. 20001

RE: *Perlmutter v. Blanche*, No. 25-5285 (oral argument scheduled for January 15, 2027)

Dear Mr. Cislak:

We write in response to plaintiff's letter regarding *Abramowitz v. Lake*, No. 25-5314 (D.C. Cir.), which barred an "attempted" removal by agency officials without "final authority over hiring and firing." Op. 2. It has no application here.

Network heads like the *Abramowitz* plaintiff were once "appoint[ed] and remov[able]" by the Agency for Global Media. Op. 3. But now a separate agency, the International Broadcasting Advisory Board, has "control over" their "hiring and firing." Op. 4. AGM officials nonetheless "inform[ed]" Abramowitz that they "had made the decision to remove him." Op. 6. This Court affirmed a permanent injunction barring AGM officials "from removing" Abramowitz without the "Board's approval." Op. 19.

Here, there is no dispute that a properly designated Acting Librarian of Congress could remove plaintiff as Register of Copyrights. And under a straightforward reading of the Federal Vacancies Reform Act, the President lawfully designated an Acting Librarian who then removed plaintiff. Gov't

Br. 21-35. *Abramowitz* casts no doubt on that conclusion, which resolves this case.

The government further explained that even if the President lacked authority to designate an Acting Librarian, Article II empowered him to remove plaintiff directly, and that plaintiff was not entitled to an injunction pending appeal reinstating her as Register. Gov't Br. 35-52. Those arguments are also fully consistent with *Abramowitz*. *Contra* Letter 1-2. There, the Court held that AGM officials could not remove Abramowitz because Congress vested the removal authority in the Board; it did not address the circumstances under which Article II empowers the President to remove an inferior officer directly. And the remedy there was a permanent injunction "enjoin[ing]" officials "from removing" Abramowitz. Op. 19-20. The Court said nothing about preliminarily reinstating a removed officer–the relief at issue here. The Court therefore had no reason to address *Trump v. Wilcox*, 145 S. Ct. 1415 (2025), which forecloses such relief. *Id.* at 1415 ("[T]he Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty").

Sincerely,

s/ *David L. Peters*
David L. Peters
U.S. Department of Justice
Appellate Staff, Civil Division

cc (via CM/ECF):Counsel of Record